IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| **WILLIAM FIELDING,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | )     **CASE NO: 4:10-cv-3505-KOB** |
| | ) |
| **THE PRUDENTIAL INSURANCE** | ) |
| **COMPANY OF AMERICA,** | ) |
| | ) |
| **Defendant.** | ) |

**O R D E R**

      This case involves the plaintiff's attempts to collect life insurance proceeds upon the death of his wife, Freda Fielding.  On March 23, 2012, the magistrate judge entered his report and recommendation (doc. 23) regarding three summary judgment motions: the plaintiff's Motion for Summary Judgment on ERISA Preemption (doc. 7); the defendant's Motion for Summary Judgment (doc. 8); and the plaintiff's Motion for Judgment on Count I (Benefit Claim) with Submissions (doc. 11).  In that report, he recommended denying the plaintiff's motions and granting in part and denying in part the defendant's motions.

      Specifically, he recommended that the court DENY the plaintiff's Motion for Summary Judgment on ERISA Preemption (doc. 7) because no evidence exists that Mrs. Fielding converted the group policy to an individual policy, and, thus, the policy remained a group plan preempted by ERISA, entitling the defendant to judgment as a matter of law on the bad faith claim in Count II; DENY the plaintiff's Motion for Judgement on Count I (Benefit Claim) with Submission (doc. 11) because the defendant was *de novo* right in determining that Mrs. Fielding

was not covered by the life insurance policy in question because she was not actively working during the relevant time period; and GRANT in part and DENY in part the defendant's Motion for Summary Judgment (doc. 8). Having found that the defendant was *de novo* right in its determination, the magistrate judge recommended that the court GRANT the defendant's Motion for Summary Judgment and ENTER judgment in favor of the defendant on all claims.  However, because no evidence exists that the plaintiff brought this action in bad faith, the magistrate judge recommended that the court DENY the defendant's request for attorney's fees against the plaintiff.

The magistrate judge gave the parties fourteen days to file objections to his recommendation.  On April 6, 2012, the plaintiff filed objections to the report and recommendation. (Doc. 25).  The defendant filed responses to the plaintiff's objections on April 19, 2012. (Doc. 27).

After careful consideration of the record in this case *de novo*, the magistrate judge's report and recommendation, the plaintiff's objections, and the defendant's response to the objections, the court ADOPTS the report of the magistrate judge and ACCEPTS his recommendations.  The court finds that the life insurance policy in question remained a group plan preempted by ERISA and DENIES the plaintiff's Motion for Summary Judgment on ERISA Preemption (doc. 7). The court agrees that the defendant was *de novo* right in determining that Mrs. Fielding was not covered by the life insurance policy in question and DENIES the plaintiff's Motion for Judgment on Count I (Benefit Claim) with Submission (doc. 11).  Because the court finds that the defendant was *de novo* right in denying coverage, the court GRANTS in part and DENIES in part the defendant's Motion for Summary Judgment (doc. 8).  The court GRANTS the defendant's Motion for Summary Judgment and ENTERS judgment in favor of the

defendant on all claims.  However, the court DENIES the defendant's Motion for Summary Judgment to the extent it requests attorney's fees because the court does not find sufficient evidence of bad faith to warrant the imposition of attorney's fees against the plaintiff.

DONE and ORDERED this 17th day of September, 2012.

_____
KARON OWEN BOWDRE
UNITED STATES DISTRICT JUDGE